## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**PATRICK R. TREANOR, LORRAINE**         :         **CIVIL ACTION NO.**
**KELLEY TREANOR, INDIVIDUALLY, AND**    :
**AS PARENT AND NEXT FRIEND OF**         :    **1 1 5 3 ᴺ ᴺᴹᴳ**
**MADELYN TREANOR, AND AS PARENT**       :
**AND NEXT FRIEND OF ALLISON TREANOR:**          **MAGISTRATE JUDGE** ᴸᵃⁱˡⁱⁿ
                                         :
**v.**                            RECEIPT #:_____
                                  AMOUNT $:_____
**NATIONAL RAILROAD PASSENGER** SUMMONS ISSUED_____
**CORPORATION (a/k/a "AMTRAK") AND** LOCAL RULE 4.1_____
**CSX TRANSPORTATION, INC.**      WAIVER FORM_____
                                  MCF ISSUED_____
                          **NOTICE OF REMOVAL** BY DPTY CLK_____
                                  DATE_____

Pursuant to 28 U.S.C. §§ 1441(a), 1441(b) and 1446, and for the sole purpose of removing this matter to the United States District Court of the District of Massachusetts, Defendants, National Railroad Passenger Corporation d/b/a Amtrak, ("Amtrak") and CSX Transportation, Inc. ("CSX"), state:

1.    State Court Action.

Plaintiffs, Patrick R. Treanor and Lorraine Kelley Treanor, individually, and as parent and next Friend of Madelyn Treanor and Allison Treanor, filed this action against Defendant in the Superior Court of the Commonwealth of Massachusetts for Suffolk County, Civil Action No. SUCV2005-01467-A. Copies of the Summons and Complaint are attached as Exhibit A. The Summons and Complaint constitute all of the prior pleadings and/or orders served upon Defendants to date. The Summons and Complaint were served on Amtrak on July 11, 2005.

2.    Federal Jurisdiction.

According to the Complaint, Plaintiffs alledgely suffered serious personal injury while on the property owned and/or maintained by Amtrak. Amtrak is removing this action because Amtrak was created by an Act of Congress, 49 U.S.C. §24101, et seq., and more than one-half its capital stock is owned by the United States. Thus, the above-described action is a civil action of

which this Court has original jurisdiction under the provisions of Title 28, U.S.C. §1331 and 1349 and is one which may be removed to this Court by the defendant therein, pursuant to the provisions of Title 28, U.S.C. §1441.

CSX Transportation, Inc. assents to and joins in the removal of this action.

3.    Diversity

As an additional and independent basis for removal, defendants state that there is complete diversity of the parties. As set forth in the Complaint, all named plaintiffs are citizens of Massachusetts and all named defendants are foreign corporations. Additionally, as set forth in the Statement of Damages, the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332.

4.    Timeliness of Notice of Removal.

Amtrak was served with the Summons and Complaint on July 11, 2005. Removal of this action is, therefore, timely under 28 U.S.C. §1446(b).

5.    Relief Requested.

Defendants request that the United States District Court for the District of Massachusetts assume jurisdiction over the above-captioned action and issue such further orders and process as may be necessary to bring before it all parties necessary for the trial of this action. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendants are attached as

- 2 -

Exhibit A. Certified copies of the entries in the Superior Court docket will be filed in connection

with Defendants' Local Rule 81.1 Statement.

Defendants,
NATIONAL RAILROAD PASSENGER
CORPORATION, and CSX
TRANSPORTATION, INC.
By and Through Their Attorneys,

Dated: July / 8, 2005

Paul E. Dwyer, Jr., Esq. (BBO #553848)
William H. Priestley, Esq. (BBO #630627)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903-2499
Phone: (401) 274-9200
Fax:    (401) 276-6611

## CERTIFICATE OF SERVICE

I hereby certify that on this _/ 8 /2_ day of July, 2005, I served a copy of the within document by causing a copy to be sent via First Class U.S. Mail, postage pre-paid to the above-named counsel.

TO:     Peter M. McElroy, Esquire
        Cosgrove, Eisenberg & Kiley, P.C.
        803 Hancock Street, P.O. Box 189
        Quincy, MA 02170

William H. Priestley, Esq.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No._____

Patrick R. Treanor, et al _____ , Plaintiff(s)

RECEIVED
Amtrak
JUL 1 1 2005
2005-00471
ALICIA M. SERFATY
GENERAL COUNSEL AND
CORPORATE SECRETARY

National Railroad Passenger Corporation
a/k/a "AMTRAK" and
CSX Transportation, Inc.



**SUMMONS**

Amtrak Passenger Claims Unit

To the above-named Defendant: National Railroad Passenger Corp. a/k/a "AMTRAK",
David L. Gunn, President & CEO, 60 Massachusetts Ave., N.E., Washington, DC  20002
      You are hereby summoned and required to serve upon Peter M. McElroy, Esq.
Cosgrove, Eisenberg & Kiley, P. C.

plaintiff's attorney, whose address is  803 Hancock St, Quincy, MA 02170  , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

      Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

      Witness, **Barbara J. Rouse**, Esquire, at Boston, the____7th_____ day of
July_____ , in the year of our Lord two thousand __five_____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
 1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

 2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
      each should be addressed to the particular defendant.

 3.  TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

      (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a
defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the
original in the Clerk's Office.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                        SUPERIOR COURT DEPT.
                                                   CIVIL ACTION NO.:

PATRICK R. TREANOR,
LORRAINE KELLEY TREANOR,
INDIVIDUALLY, AND AS PARENT
AND NEXT FRIEND OF
MADELYN TREANOR, AND AS
PARENT AND NEXT FRIEND OF
ALLISON TREANOR
       *Plaintiff*

v.

NATIONAL RAILROAD PASSENGER CORPORATION
(a/k/a "AMTRAK") AND
CSX TRANSPORTATION, INC.
       *Defendants*

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

---

1.     The Plaintiff, Patrick R. Treanor is a resident of Dedham, Norfolk County,

Massachusetts, and the husband of plaintiff, Lorraine Kelley Treanor.

2.     The plaintiff, Lorraine Kelley Treanor is a resident of Dedham, Norfolk County,

Massachusetts, and the wife of plaintiff Patrick R. Treanor.

3.     The plaintiff, Lorraine Kelley Treanor, as parent and next friend of Madelyn

Treanor, is a resident of Dedham, Norfolk County, Massachusetts.

4.     The plaintiff, Lorraine Kelley Treanor, as parent and next friend of Allison

Treanor, is a resident of Dedham, Norfolk County, Massachusetts.

5.     The defendant, National Railroad Passenger Corporation (a/k/a "AMTRAK"), is a

corporate entity organized under the laws of the District of Columbia and 49 U.S.C. §24101, *et*

*seq.*, with its usual place of business at 60 Massachusetts Avenue, N.E., Washington, D.C., and which regularly conducts business in Suffolk County and elsewhere in the Commonwealth of Massachusetts.

6.    Defendant, CXS Transportation, Inc. ("CSX") is a corporate entity organized under the laws of Virginia with its usual place of business at 500 Water Street, Jacksonville, Florida and which regularly conducts business in Suffolk County and elsewhere in the Commonwealth of Massachusetts.

7.    This action is brought to recover damages for the injuries suffered by the Plaintiffs due to the negligence of the Defendants.

## FACTUAL BACKGROUND

8.    On April 18, 2002, the Plaintiffs were ticketed passengers on board the The Auto Train, AMTRAK train PO52-18 traveling from Sanford, Florida to Lorton, Virginia. Their car was also on board the train.

9.    At about 5:08 p.m., the four Plaintiffs, Patrick, Lorraine, Madelyn, and Allison Treanor, were passengers in the dining car of The Auto Train. Patrick and Allison were seated at a table, and Madelyn and Lorraine were in the process of being seated.

10.    At or about 5:08 p.m., without warning, The Auto Train derailed as it rounded a curve, while traveling on a track that was owned and maintained by defendant CSX.

11.    Patrick, Lorraine, Madelyn, and Allison Treanor were thrown violently about within their railcar.

12.    The railcar rolled onto its side, finally coming to a stop. Before it did so, rock, dust, and other debris from outside flew in through broken windows, and people and items

2

within the car itself were also thrown violently about. The plaintiffs struck, and were struck, by such things.

13.    At all relevant times, it was the duty of the Defendant, AMTRAK, to exercise the highest degree of care for the safety of its passengers, including Patrick R. Treanor, Lorraine Kelley Treanor, Madelyn Treanor, and Allison Treanor.

14.    At all relevant times, it was the duty of the Defendant, CSX, to exercise the highest duty of care in the ownership, maintenance, operation and control of its railroad tracks, including those at or near Crescent City, Florida, so as not to cause injury to passengers aboard The Auto Train, inclusive of Patrick R.Treanor, Lorraine Kelley Treanor, Madelyn Treanor, and Allison Treanor, and in accordance with the requirements set forth in regulations of the Federal Railroad Administration, and additional duties relative to the ownership, maintenance, operations, and control of CSX railroad tracks.

15.    As a result of the negligence of each Defendant, the Plaintiffs were seriously injured, suffered great pain of body and mind, required medical care, incurred substantial medical bills, and as to plaintiffs Patrick Treanor and Lorraine Kelley Treanor, incurred a loss of wages and earning capacity.

## COUNT I
## Negligence - Patrick R. Treanor

16.    The Plaintiff Patrick R. Treanor incorporates and reasserts paragraph 1- 15 of this complaint as if fully set forth herein.

17.    The Defendants each owed the duty of reasonable care to Patrick R. Treanor.

18.    The Defendants, their employees, and agents, were negligent on, and prior to, April 18, 2002 with respect to the operation of The Auto Train, AMTRAK #PO52-18, and the

3

ownership and maintenance of the tracks upon which this train ran, by, among other things, failing to maintain a safe rail system, and in failing to provide an adequate rail infrastructure, and failing to provide safe carriage of passengers and property.

19.  The Defendants breached their respective duties of reasonable care owed to Patrick R. Treanor.

20.  As a proximate result of the Defendants' breaches of duty, Patrick R. Treanor was seriously injured, suffered great pain of body and mind, has required medical care, has incurred substantial medical expenses, and also incurred a loss of wages and earning capacity.

## COUNT II
## Negligence - Lorraine Kelley Treanor

21.  Plaintiff incorporates and reasserts paragraphs 1-20 of this complaint as if fully set forth herein.

22.  The Defendants each owed the duty of reasonable care to Lorraine Kelley Treanor.

23.  The Defendants, their employees, and agents, were negligent on, and prior to, April 18, 2002 with respect to the operation of The Auto Train, AMTRAK #PO52-18, and the ownership and maintenance of the tracks upon which this train ran, by, among other things, failing to maintain a safe rail system, and in failing to provide an adequate rail infrastructure, and failing to provide safe carriage of passengers and property.

24.  The Defendants breached their respective duties of reasonable care owed to Lorraine Kelley Treanor.

25.  As a proximate result of the Defendants' breaches of duty, Lorraine Kelley Treanor was seriously injured, suffered great pain of body and mind, has required medical care,

4

has incurred substantial medical expenses, and also incurred a loss of wages and earning capacity.

## COUNT III
### Negligence - Lorraine Kelley Trainer ppa Madelyn Treanor

26. The Plaintiff Lorraine Kelley Treanor, as parent and next friend of Madelyn Treanor, incorporates and reasserts paragraphs 1-25 of this complaint as if fully set forth herein.

27. The Defendants each owed the duty of reasonable care to Madelyn Treanor.

28. The Defendants, their employees, and agents, were negligent on, and prior to, April 18, 2002 with respect to the operation of The Auto Train, AMTRAK #PO52-18, and the ownership and maintenance of the tracks upon which this train ran, by, among other things, failing to maintain a safe rail system, and in failing to provide an adequate rail infrastructure, and failing to provide safe carriage of passengers and property.

29. The defendants breached their respective duties of reasonable care owed to Madelyn Treanor.

30. As a proximate result of the defendants' breaches of duty, Madelyn Treanor was seriously injured, suffered great pain of body and mind, has required medical care, and has incurred substantial medical expenses.

## COUNT IV
### Negligence - Lorraine Kelley Trainer ppa Allison Treanor

31 The plaintiff Lorraine Kelley Treanor, as parent and next friend of Allison Treanor incorporates and reasserts paragraphs 1-30 of this complaint as if fully set forth herein.

32. The Defendants each owed the duty of reasonable care to Allison Treanor.

33. The Defendants, their employees, and agents, were negligent on, and prior to, April 18, 2002 with respect to the operation of The Auto Train, AMTRAK #PO52-18, and the

5

ownership and maintenance of the tracks upon which this train ran, by, among other things, failing to maintain a safe rail system, and in failing to provide an adequate rail infrastructure, and failing to provide safe carriage of passengers and property.

34.    The Defendants breached their respective duties of reasonable care owed to Allison Treanor.

35.    As a proximate result of the Defendants' breaches of duty, Allison Treanor was seriously injured, suffered great pain of body and mind, has required medical care, and has incurred substantial medical expenses.

## COUNT V
## Loss of Consortium - Patrick R. Treanor

36.    The Plaintiff Patrick R. Treanor incorporates and reasserts paragraphs 1-35 of this complaint as if fully set forth herein.

37.    As a result of the negligence of the Defendants, the plaintiff, Patrick R. Treanor has suffered a loss of consortium, including the loss of care, comfort, society, and companionship, of his wife, Lorraine Kelley Treanor.

## COUNT VI
## Loss of Consortium - Lorraine Kelley Treanor

38.    The Plaintiff Lorraine Kelly Treanor incorporates and reasserts paragraphs 1-37 of this complaint as if fully set forth herein.

39.    As a result of the negligence of the Defendants, the Plaintiff, Lorraine Kelley Treanor has suffered a loss of consortium, including the care, comfort, society, and companionship of her husband, Patrick R. Treanor.

6

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants in

an amount which will fairly and adequately compensate them for their injuries, and all other

damages recoverable, together with interest, costs, attorney's fees, and such other relief as may

be deemed appropriate.

## PLAINTIFFS DEMAND TRIAL BY JURY

The plaintiffs demand trial by jury on each of their claims, and on each defense that may

be so triable.

> Respectfully submitted,
> For the Plaintiffs, Patrick R. Treanor,
> Lorraine Kelley Treanor, Individually and as parent
> And next friend of Madelyn Treanor, and as parent
> And next friend of Allison Treanor
> By their Attorney,
>
>
> Peter M. McElroy, Esq.
> Cosgrove, Eisenberg & Kiley, P.C.
> 803 Hancock Street, P.O. Box 189
> Quincy, MA 02170
> (617) 479-7770
> BBO No. 332480

Dated: April 15, 2005

7

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) Corporation |
|---|---|
| Patrick R. Treanor, Lorraine Kelley Treanor, Individually, and ppa Madelyn Treanor,and ppa Allison Treanor | National Railroad Passenger Service (a/k/a "AMTRAK") and CSX Transportation Inc. |

| ATTORNEY. FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Peter M. McElroy, Esq., Cosgrave,Eisenberg & Kiley 803 Hancock St., Quincy, MA 02170 Board of Bar Overseers number 332480 (617)479-7770 | Unknown |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Common Carrier | (F ) | (X ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determir money damages. For this form, disregard double or treble damage claims; indicate single damages on

**TORT CLAIMS**  PATRICK TREANOR
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . 515.00
2.  Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. 4,373.00
3.  Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
4.  Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
5.  Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
Subtotal $. 4,888.00

B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $305,235.00
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . $. 2,000.00
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . (present value) . . . . . . . . . $1,443,967.0
F.  Other documented items of damages (describe)

$1,756,090.0

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)
Patrick R. Treanor suffered:
Fracture of L1 vertebrae, compression fracture of T12, Chronic mid and
low back pain, sciatica, contusions.

$ 300,000.00

TOTAL $. . . . . . . . .
2,056,090.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR

**Plaintiff:**

**Lorraine Kelley Treanor:**

A. Documented medical expenses to date...........................................

1. Total hospital expenses..........................................................$1720.22
2. Total Doctor expenses...........................................................$3675.00

           Subtotal..........$5395.22

B. Documented lost wages and compensation to date ...............................$24,005.34

D. Reasonably anticipated future medical expenses and hospital expenses.......$30,000.00

E . Reasonably anticipated lost wages.................................................$20,000.00

           Total:............$79,400.56

G. Brief description of plaintiff's injury................................................

  Lorraine Kelley Treanor was diagnosed with a fracture of the transverse process at L4-L5, seven rib fractures, neck and low back strains/sprains, disc bulges at multiple levels, and contusions.

           Subtotal:............$300,000

           Total:............$379,400.56

dical expenses to date..........................................

xpenses.............................................................$145.00

nenses...............................................................$1709.00

Subtotal..........$1854.00

....$80.00

...$

...$80.00

t wages and compensation to date ...............................$

cipated future medical expenses and hospital expenses.......$

cipated lost wages.................................................$

Total:............$

...$

...$

....$

....$80.00

1 of plaintiff's injury..............................................

.....

r was diagnosed with a concussion and possible head injury.  Diagnostic
quently negative for a closed head injury and subdural bleed. The final
st-concussive syndrome, including migraine headaches. The plaintiff
d post accident nightmares and excessive fears about travel.

Subtotal:...........$25,000.00

: experienced
n seeing her
: of her family
ares about the
· hometown.

.......$15,000.00

Total:...............$26,854.00

.......$15,080.00

# Commonwealth of Massachusetts
## County of Suffolk
### The Superior Court

CIVIL DOCKET# **SUCV2005-01467-A**

RE:   **Treanor et al v National Railroad Passenger Corp et al**

TO: Peter M McElroy, Esquire
Cosgrove Eisenberg & Kiley
803 Hancock Street
PO Box 189
Quincy, MA 02170

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 07/14/2005 |
| Response to the complaint filed (also see MRCP 12) | 09/12/2005 |
| All motions under MRCP 12, 19, and 20 filed | 09/12/2005 |
| All motions under MRCP 15 filed | 09/12/2005 |
| All discovery requests and depositions completed | 02/09/2006 |
| All motions under MRCP 56 served and heard | 03/11/2006 |
| Final pre-trial conference held and firm trial date set | 04/10/2006 |
| Case disposed | 06/09/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **CtRm 304, 3 Pemberton Square, Boston at Suffolk Superior Court.**

Dated: 05/02/2005

Michael Joseph Donovan
Clerk of the Courts
BY: James P Kelly
Assistant Clerk

Location: CtRm 304, 3 Pemberton Square, Boston
Telephone: 617-788-8107



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)    PATRICK R. TREANOR VS. NATIONAL RAILROAD PASSENGER CORPORATON

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☐ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ☒ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☒    NO ☐

A.    If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☒    Central Division ☐    Western Division ☐

B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    William H. Priestley, Esquire

ADDRESS    Edwards & Angell, LLP, 2800 Financial Plaza, Providence, RI 02903-2499

TELEPHONE NO.    (401) 274-9200

(CategoryForm.wpd - 5/2/05)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I.(a) PLAINTIFFS

PATRICK R. TREANOR, LORRAINE KELLEY TREANOR, INDIVIDUALLY, AND AS PARENT AND NEXT FRIEND OF MADELYN TREANOR, AND AS PARENT AND NEXT FRIEND OF ALLISON TREANOR

### DEFENDANTS

NATIONAL RAILROAD PASSENGER CORPORATION (a/k/a "AMTRAK") AND CSX TRANSPORTATION, INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**     **NORFOLK**
     (EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Peter M. McElroy, Esquire (BBO #332480)
Cosgrove, Eisenberg & Kiley, P.C.
803 Hancock Street, P.O. Box 189
Quincy, MA 02170
Phone: (617) 479-7770

**ATTORNEYS (IF KNOWN)**

Paul E. Dwyer, Jr., Esquire (BBO #553848)
William H. Priestley, Esquire (BBO #630627)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903-2499
Phone: (401)274-9200
Fax: (401)276-6611

### II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES PLACE AN X IN ONE BOX
(For Diversity Cases Only) (For Plaintiff and One Box For Defendant)

| | PT F | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY):

Defendant, National Railroad Passenger Corp., was created by an act of Congress and more than one-half of its capital stock is owned by the United States. This Court has original jurisdiction pursuant to Title 28, U.S.C. §§1331 and 1349.

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med | ☐ 620 Other Food & | ☐ 423 Withdrawal 28 USC | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Malpractice | Drug | 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - Product | ☐ 625 Drug Related | | ☐ 450 Commerce/ICC Rates etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, libel & | Liability | Seizure of Property 21 | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal Injury | USC 881 | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 640 R. R. & Truck | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans (excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | | ☐ 850 Securities/Commodities |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 660 Occupational | | Exchange |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | Safety/Health | | ☐ 875 Customer Challenge 12 |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property | ☐ 690 Other | | USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Damage | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | **LABOR** | ☐ 861 HLA (1395ff) | ☐ 892 Economic Stabilization |
| | ☒ Other Personal Injury | Product Liability | ☐ 710 Fair Labor | ☐ 862 Black Lung (923) | Act |
| | | | Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | Relations | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt. | | Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence Habeas Corpus | Reporting & | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | ☐ 530 General | Disclosure Act | | Determination Under Equal |
| ☐ 240 Torts to Land | Accommodations | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or | Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 790 Other Labor | Defendant) | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Other | Litigation | ☐ 871 IRS -Third Party | Statutes |
| | | | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | | Security Act | | |

### VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    **Transferred from** ☐ 5. another district (specify)    ☐ 6. Multidistrict Litigation    **Appeal to District** ☐ 7. Judge from Magistrate Judgment

### VII. REQUESTED IN

CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23    CLASS ACTION    DEMAND $    Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

7/18/05

DATE

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT