UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PATRICK R. TREANOR, LORRAINE | : | CIVIL ACTION NO. |
| KELLEY TREANOR, INDIVIDUALLY, AND | : | |
| AS PARENT AND NEXT FRIEND OF | : | 05-11538-NMG |
| MADELYN TREANOR, AND AS PARENT | : | |
| AND NEXT FRIEND OF ALLISON TREANOR | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (a/k/a "AMTRAK") AND | : | |
| CSX TRANSPORTATION, INC. | : | |

# DEFENDANTS
## ANSWER TO PLAINTIFFS' COMPLAINT

NOW COMES defendants, NATIONAL RAILROAD PASSENGER CORPORATION,

d/b/a AMTRAK ("Amtrak") and CSX TRANSPORTATION, INC. ("CSX"), and answer

plaintiffs' Complaint as follows:

1.      The defendants are without sufficient information to form a belief as to the allegations

contained in paragraph 1.

2.      The defendants are without sufficient information to form a belief as to the allegations

contained in paragraph 2.

3.      The defendants are without sufficient information to form a belief as to the allegations

contained in paragraph 3.

4.      The defendants are without sufficient information to form a belief as to the allegations

contained in paragraph 4.

5.      The defendants admit the allegations contained in paragraph 5.

6.      The defendants admit the allegations contained in paragraph 6.

### FACTUAL BACKGROUND

7.      Defendants admit the allegations contained in paragraph 7 of the plaintiffs' Complaint.

8.      The defendants are without sufficient information to form a belief as to the allegations contained in paragraph 8.

9.      The defendants are without sufficient information to form a belief as to the allegations contained in paragraph 9.

10.     The defendants admit that the track was owned and maintained by CSX but are without sufficient information to form a belief as to the remaining allegations contained in paragraph 10.

11.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the plaintiffs' Complaint. Defendants deny the allegations contained in paragraph 11 of the Complaint to the extent that they imply negligence, contractual, or other liability on these defendants.

12.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the plaintiffs' Complaint. Defendants deny the allegations contained in paragraph 12 of the Complaint to the extent that they imply negligence, contractual, or other liability on these defendants.

13.     The allegations contained in paragraph 13 comprise statements of law to which no response is required of these defendants. To the extent that such a response is required, defendants deny that the allegations contained in paragraph 13 properly set forth the duty owed by defendant Amtrak in this case.

14.     The allegations contained in paragraph 14 comprise statements of law to which no response is required of these defendants. To the extent that such a response is required, defendants deny that the allegations contained in paragraph 14 properly set forth the duty owed by defendant CSX.

15.     The defendants deny the allegations contained in paragraph 15.

## COUNT I
### Negligence – Patrick R. Treanor

16.     In response to the allegations contained in paragraph 16 of plaintiffs' Complaint, defendants repeat and realleges their responses to paragraphs 1 through 15 as though fully set forth herein.

17.     The allegations contained in paragraph 17 comprise statements of law to which no response is required of these defendants. To the extent that such a response is required, defendants deny that the allegations contained in paragraph 17 properly set forth the duty owed by defendants in this case.

18.     The defendants deny the allegations contained in paragraph 18.

19.     The defendants deny the allegations contained in paragraph 19.

20.     The defendants deny the allegations contained in paragraph 20.

## COUNT II
### Negligence – Lorraine Kelley Treanor

21.     In response to the allegations contained in paragraph 21 of plaintiffs' Complaint, defendants repeat and realleges its responses to paragraphs 1 through 20 as though fully set forth herein.

22.     The allegations contained in paragraph 22 comprise statements of law to which no response is required of these defendants. To the extent that such a response is required, defendants deny that the allegations contained in paragraph 22 properly set forth the duty owed by defendants in this case.

23.     The defendants deny the allegations contained in paragraph 23.

24.     The defendants deny the allegations contained in paragraph 24.

25.     The defendants deny the allegations contained in paragraph 25.

## COUNT III
### Negligence – Lorraine Kelley Trainer ppa Madelyn Treanor

26.     In response to the allegations contained in paragraph 26 of plaintiffs' Complaint, defendants repeat and reallege their responses to paragraphs 1 through 25 as though fully set forth herein.

27.     The allegations contained in paragraph 27 comprise statements of law to which no response is required of these defendants. To the extent that such a response is required, defendants deny that the allegations contained in paragraph 27 properly set forth the duty owed by defendants in this case.

28.     The defendants deny the allegations contained in paragraph 28.

29.     The defendants deny the allegations contained in paragraph 29.

30.     The defendants deny the allegations contained in paragraph 30.

## COUNT IV
### Negligence – Lorraine Kelley Treanor ppa Allison Treanor

31.     In response to the allegations contained in paragraph 31 of plaintiffs' Complaint, defendants repeat and reallege their responses to paragraphs 1 through 31 as though fully set forth herein.

32.     The allegations contained in paragraph 32 comprise statements of law to which no response is required of these defendants. To the extent that such a response is required, defendants deny that the allegations contained in paragraph 32 properly set forth the duty owed by defendants in this case.

33.     The defendants deny the allegations contained in paragraph 33.

34.     The defendants deny the allegations contained in paragraph 34.

35.     The defendants deny the allegations contained in paragraph 35.

- 4 -

## COUNT V
**Loss of Consortium – Patrick R. Treanor**

36.    In response to the allegations contained in paragraph 36 of plaintiffs' Complaint,

defendants repeat and reallege its responses to paragraphs 1 through 35 as though fully set forth

herein.

37.    The defendants deny the allegations contained in paragraph 37.

## COUNT VI
**Loss of Consortium – Lorraine Kelley Treanor**

38.    In response to the allegations contained in paragraph 38 of plaintiffs' Complaint,

defendants repeat and reallege their responses to paragraphs 1 through 37 as though fully set

forth herein.

39.    The defendants deny the allegations contained in paragraph 39.

## AFFIRMATIVE DEFENSES

1. The plaintiffs' injuries, if any, are attributable to causes other than the acts and/or omissions of this defendant and are reasonably capable of being apportioned amongst the causes pursuant to Restatement (Second) of Torts §433A. The plaintiffs' recovery against defendants, if any, must be denied for injuries not attributable to these defendants.

2. The plaintiffs' damages, if any, are attributable to conditions, pre-existing, or otherwise, said damages are reasonably capable of being apportioned amongst the various conditions and the damages caused by defendants pursuant to the Restatement (Second) of Torts §433A. The plaintiffs' recovery against defendants for these other conditions, pre-existing, or otherwise, must be denied.

3. The acts or omissions of others constituted a superceding or intervening cause of plaintiffs' injuries and, therefore, defendant is relieved from liability.

4. The plaintiffs' complaint fails to state a claim upon which relief can be granted.

5. The injuries complained of by plaintiffs were caused by persons for whom the defendants were not legally responsible.

6. The plaintiffs were comparatively negligent.

7. The plaintiffs failed to mitigate their damages and the damages awarded, if any, must accordingly be reduced.

8. The plaintiffs' claims are barred by the applicable statutes of limitation.

**WHEREFORE,** the defendants deny that the plaintiffs are entitled to recover in any amount and demands that the complaint be dismissed and judgment be entered in favor of the defendants for the costs and disbursements of this action.

**THE DEFENDANTS DEMAND A TRIAL BY JURY**.

Defendants,
NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK and
CSX TRANSPORTATION, INC.
By and Through Their Attorneys,

_____
Paul E. Dwyer, Jr., Esq. (BBO #553848)
William H. Priestley, Esq. (BBO #630627)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI   02903-2499
(401) 274-9200
(401) 276-6611

### CERTIFICATE OF SERVICE

I hereby certify that on this **27** day of July, 2005 I served a copy of the within document by causing a copy to be sent via First Class U.S. Mail, postage pre-paid to the following counsel of record:

Peter M. McElroy, Esq.
COSGROVE, EISENBERG & KILEY, P.C.
803 Hancock Street, P.O. Box 189
Quincy, MA 02170

- 6 -